## CORN v. McNUTT. (No. 6543.)

(Court of Civil Appeals of Texas. San Antonio. April 6, 1921.)

1. Pleading ⬅11 — Plaintiff not required to plead evidence.

In suit for damages, based on the destruction of crops by cattle through negligence of defendant in not having sufficient fences, plaintiff was not required to plead his evidence as to the condition of the fence.

2. Animals ⬅55—Proof of adoption of stock law justified under pleading.

In suit for damages based on destruction of crops by cattle, allegation that a general stock law was in effect in the county justified proof that a live stock law had been adopted in that county, prohibiting stock from running at large.

3. Evidence ⬅471(19)—Statement that fence was sorry not mere expression of opinion.

The statement of a witness that a fence was "very sorry," and "what I mean by real

sorry, it was old and rotten," was not the expression of opinion, but the statement of a fact, like a statement that a thing was wet, or a fire was hot, or a horse was lame.

**4. Evidence ⬤⟹501(6) — Opinion that fence was pretty poor admissible where facts are stated.**

Testimony that a fence was "pretty poor" was not erroneous as an expression of opinion, when accompanied by the explanation that "some of the wires were broken, and the posts were down, and it was an old fence and the wire was old."

**5. Evidence ⬤⟹489—Testimony of witness as to comparative value of hay and sorghum held admissible.**

In a suit for damages based on the destruction of crops by cattle, court did not err in permitting witness to testify when asked about the comparative value of stacked hay and sorghum, "it ran about the same as in any other year" and "I think sorghum feed stuff stacked up like that was, ran about the same as prairie hay."

**6. Appeal and error ⬤⟹1050(1)—Admission of evidence held harmless, if error.**

In suit for damages, based on destruction of crops by cattle, testimony of witness concerning the comparative value of stacked sorghum and prairie hay, "it ran about the same as in any other year," and "I think sorghum feedstuff stacked up like that was, ran about the same as prairie hay," was harmless, if incompetent.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Suit by H. P. McNutt against J. W. Corn. Judgment for plaintiff, and defendant appeals. Affirmed.

Chas. T. Rowland and Marvin H. Brown, both of Fort Worth, for appellant.

J. C. Smith, of Fort Worth, for appellee.

FLY, C. J. This is a suit for damages, based on the destruction of crops belonging to appellee by the cattle of appellant, which cattle, it was alleged, had depredated on said crops through the negligence of appellant, in not having sufficient fences to restrain the cattle from entering upon the land rented by appellee, which was contiguous to a pasture in which the cattle were placed by appellant. The cause was submitted to a jury on 22 special issues, and upon the answers given judgment was rendered in favor of appellee.

[1] The first assignment of error assails the action of the trial court in overruling a special exception to a certain part of the petition on the ground that it was vague, indefinite, and uncertain, and was a mere conclusion, and did not show how the fences were insufficient. The pleading is clear and has no uncertainty, and the pleader was not required to plead his evidence as to the condition of the fence. This special exception is more vague and uncertain than the pleading. The first assignment of error is overruled.

All of the exceptions urged to the petition were properly overruled, and the second, third, fourth, fifth, and sixth objections are similar to that set out in the first assignment, and are without merit. The petition plainly stated a cause of action.

[2] The allegation that a general stock law was in effect in Tarrant county justified proof that a live stock law had been adopted in that county. Evidently the allegation meant the law was general in Tarrant county, and appellee was properly permitted to prove that a law had been adopted in that county prohibiting cattle, horses, and other live stock from running at large. The seventh and eighth assignments are overruled.

[3, 4] The ninth and tenth assignments of error are overruled. The statement of a witness that a fence was very sorry, and "what I mean by real sorry, it was old and rotten," was not the expression of opinion, but the statement of a fact, like a statement that a thing was wet, or a fire was hot, or a horse was lame. The testimony is of a different class from that condemned in the cases cited by appellant. The evidence complained of in the tenth assignment that the fence was "pretty poor" was accompanied by the explanation that "some of the wires were broken, and the posts were down, and it was an old fence, and the wire was old."

[5, 6] The objections urged by appellant to the evidence complained of in the eleventh and twelfth assignments of error are very general and indefinite. However, there was no error in admitting the testimony, and it was of such a nature that it could not possibly have injured appellant, had it been incompetent. The witness testified, when asked about the comparative value of stacked sorghum and prairie hay: "It ran about the same as in any other year." We copy the evidence from the brief, and what it means and how it could injure appellant is not shown. In the second bill of exceptions embodied in the statement, the witness was asked if he knew the comparative value of stacked sorghum hay and prairie hay, and he replied: "I think sorghum feedstuff stacked up like that was, ran about the same as prairie hay." It is apparent that the testimony could not and did not injure appellant. The objections are trivial and without any solid basis.

The thirteenth assignment of error is without merit, and is overruled. The answer was responsive to the question, and no efforts made by appellant to show wherein it did not tend to show the proper measure of damages, which was the market value of the

crops destroyed at the time and place destroyed.

The fourteenth assignment of error complains of a question being leading, and is overruled.

The evidence complained of in the fifteenth and sixteenth assignments of error was pertinent as tending to impeach the testimony of appellant.

The seventeenth assignment is too vague and indefinite to be considered.

The eighteenth and nineteenth assignments of error complain of excess in the verdict, and are overruled. The jury found that the corn crop destroyed had a market value of $625, the cotton a market value of $140, and the sorghum a market value of $148. On that verdict judgment was rendered in favor of appellee for $620.33. The amount of the verdict was $913, and the amount of the judgment is obtained by taking from the $625, at which the corn is valued, one-third for rent, which would leave $416.66, by taking off for rent one-fourth of the cotton, leaving appellee's damage $105, and by taking off one-third of the value of the sorghum, $148, leaving appellee's damages at $98.66. These three, added together, give $620.32, the amount of the judgment. The evidence sustains the findings of the jury. The assignments are overruled.

The twentieth and twenty-first assignments of error are overruled. The petition did not contain improper or inflammatory matter, and the existence of the stock law was clearly pleaded.

Affirmed.