HARALSON v. SUZUKI.   (No. 3444.)

Court of Civil Appeals of Texas.   Texarkana.
Nov. 10, 1927.

Rehearing Denied Dec. 1, 1927.

1. Animals ⟲⟿92—To recover for depredation of stock, landowner must prove land was inclosed, or that running at large was not permitted (Rev. St. 1925, art. 3947).

Under Rev. St. 1925, art. 3947, relating to fences, in order to authorize recovery of damages for depredation of stock, it is essential to allege and prove that crops injured were on land inclosed by lawful fence, or that premises were in territory where such stock were not permitted to run at large.

2. Animals ⟲⟿90—Owner of stock not prohibited from running at large owes no duty to keep animals confined (Rev. St. 1925, art. 3947).

Unless plaintiff's premises on which his garden crops were damaged by defendant's mules were in territory where such stock were prohibited from running at large, defendant owed no duty to keep his mules confined, under Rev. St. 1925, art. 3947.

3. Animals ⟲⟿90—One having right to permit stock to run at large is not negligent in permitting animals to escape from inclosure (Rev. St. 1925, art. 3947).

Under Rev. St. 1925, art. 3947, relating to fences, if one has legal right to allow his stock to run at large, he cannot be guilty of negligence in permitting them to escape from inclosure for his own convenience.

On Motion for Rehearing.

4. Statutes ⟲⟿167(2)—Special law relating to county's adopting stock law was not affected by its omission from codification (Sp. Acts 36th Leg. [1919], c. 46; Rev. St. 1925, final title, § 19).

Sp. Acts 36th Leg. (1919), c. 46, enabling freeholders of any subdivision of Harris county to adopt stock law, being special law, was not affected by its omission from codification of 1925, under Rev. St. 1925, final title, § 19.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Action by S. Suzuki against S. S. Haralson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. O. Dailey and Ralph W. Plummer, both of Houston, for appellant.

Harry Holmes and Fowler & Conn, all of Houston, for appellee.

HODGES, J.  This suit originated in the justice court and was carried later to the county court at law. The appeal is from a judgment against the appellant for $161.25 as damages for injury to garden crops caused by the depredation of stock. Appellee was engaged in growing vegetables for market. Appellant owned a number of mules, which he kept at night in an inclosure near appellee's garden. In September, 1925, some of the mules escaped from their inclosure during the night and invaded appellee's premises. They destroyed some growing mustard greens intended for the Houston market. It is alleged that appellant was negligent in allowing his mules to escape from the inclosure.

[1] The statute (article 3947) provides:

"Every gardener or farmer, except as otherwise provided by law, shall make a sufficient fence about his cleared land in cultivation, at least five feet high, and make such fence sufficiently close to prevent hogs passing through same," etc.

[2, 3] In order to authorize a recovery of damages for the depredation of stock it is essential to allege and prove that the crops injured were on land inclosed by a lawful fence, or that the premises were in territory where such stock were not permitted to run at large. Clarendon Land & Investment Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105. There are no such facts alleged and proved in this case. The argument of the appellee in support of the judgment is that the

appellant was guilty of negligence in permitting his stock to escape from the inclosure. Unless appellee's premises were situated in territory where such stock were prohibited from running at large, appellant owed no duty to keep his mules confined. If he had a legal right to allow them to run at large he could not have been guilty of negligence in permitting them to escape from an inclosure for his own convenience. We are of the opinion that the judgment should be reversed and the cause remanded for a new trial in order that it may be determined along with other questions whether or not the damage occurred in territory where the appellee was not required to inclose his premises with a fence.

The judgment is reversed and remanded.

### On Motion for Rehearing.

[4] Appellant contends that this case should be reversed and a judgment here rendered in his favor. The argument is that there is no statute which authorizes the adoption of the stock law in Harris county. As supporting that argument, reference is made to article 6954, Revised Statutes of 1925, to show that Harris county was omitted from a list of those counties which were authorized to determine by special election whether or not horses, cattle, etc., should be permitted to run at large. It is true that Harris county is not included in the list of counties there mentioned. It is also correct to say that, unless so authorized by statute, Harris county would have no right to adopt a stock law. We find, however, that in 1919 a special law was passed which did enable the freeholders of any subdivision of Harris county to adopt a stock law. See Acts 36th Legislature, p. 146. That statute, being a special law, was not affected by its omission from the codification of 1925. See section 19, p. 2421, vol. 2, Revised Statutes of 1925.

The motion is overruled.