472

J. L. Darrouzet and H. M. Oster, both of Galveston, for appellant.

Armstrong, Cranford, Barker & Bedford, of Galveston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, whereby the appellee was awarded a $500 recovery against appellant as for damages resulting to her from the destruction of her 18-acre fig crop for 1931 caused by appellant's cattle being permitted to overrun and trespass upon the same in violation of the stock law then in effect in Galveston county where the fig orchard was located.

The learned trial judge filed these findings of fact and law:

### "Findings of Fact.

"I find that during the months of April and May, 1931, the plaintiff was the owner of a 19.67-acre tract of land located near the town of Texas City, in Galveston County, Texas, as alleged in her First Amended Original Petition.

"That approximately 18 acres of this tract of land was planted to figs, the trees being approximately five years old and being planted with the regulation number to the acre; that these trees have been regularly cultivated, pruned, sprayed and otherwise cared for by Mrs. Nunez as is usually and customarily done in the proper care of fig orchards and also that the ground between said trees was kept in an ordinarily good state of cultivation.

"That the defendant, J. A. Wetzel, either owned or controlled a pasture consisting of approximately 3000 acres of land adjoining plaintiff's fig orchard on the east and north sides, in which pasture defendant had a large number of cattle pastured.

"That plaintiff had a fence around her fig orchard separating same from defendant's pasture, but after the enactment of the stock law hereinafter referred to this fence was not kept up in such condition as to exclude cattle of ordinary disposition.

"I further find that on and prior to the month of April, 1931, there was in effect throughout Galveston County, Texas, a stock law forbidding and prohibiting cattle and other livestock from running at large in Galveston County, and requiring the owner thereof to pasture and fence such livestock so as to prevent their running at large.

"That several times prior to the month of April, 1931, some of defendant's cattle broke through the fence around plaintiff's land and entered plaintiff's fig orchard, but were driven out of the fig orchard before serious damage was done; that this fact was well known to defendant Wetzel and the defendant Wetzel well knew that the fence between his pasture and plaintiff's fig orchard was not sufficient to prevent defendant's cattle from going into plaintiff's fig orchard.

"That during the last week in April and first week in May, at which time plaintiff's fig orchard was in a flourishing, growing condition and during which time the trees had much new wood and many leaves thereon, a large number of defendant's cattle, estimated at between 60 and 80 head, broke through the fence dividing defendant's pasture from plaintiff's fig orchard, and, before they were

discovered and could be driven out, completely denuded the orchard of all leaves and all new growth, thereby destroying the prospects of, and preventing the fig trees from producing, any crop that could be marketed during the year 1931.

"I further find as a fact that had the cattle not damaged the fig trees as aforesaid and had not destroyed the 1931 crop plaintiff would have produced a crop of figs thereon which could and would have been sold for a net profit of at least the sum of $500.00.

"I find the loss and damage to her fig crop suffered by plaintiff was due solely and proximately to defendant's failure to properly fence and control his cattle, as was required by the stock law in effect at the time and place in question.

#### "Conclusions of Law.

"I therefore conclude as a matter of law that plaintiff is entitled to judgment for damages against defendant in the sum of $500.00.
"C. G. Dibrell,
"Judge, 56th District Court,
Galveston County, Texas,
and Acting Judge of 10th
District Court, Galveston
County, Texas."

In this court, in protest against this adverse action to him below, appellant's main contentions are that judgment should have gone in his favor, because (1) the orders granting the special stock election and declaring the result thereof should not have been admitted in evidence over his objection, for the reason that these particular steps in putting the special stock law in force had not been pleaded by the appellee; (2) his motion for a new trial should have been granted, since the judgment was predicated upon the average yield of the appellee's 18 acres of land, whereas the average yield testified to was based upon 12 additional acres belonging to Mr. Jones, making a total of 30 acres, wherefore, either a new trial or a reduction of the damages to conform to that proof should have been had; (3) the judgment was against the overwhelming weight of the evidence.

None of these presentments, we conclude, should be sustained. As concerns the first one, appellant apparently confuses the separate statutory proceedings relating to the different kinds of live stock as prescribed in title 121, Revised Statutes of 1925, and in chapters 5 and 6 thereof, respectively; chapter 5 (article 6928 et seq.) relates to prohibiting hogs, sheep, and goats from running at large, while chapter 6 (article 6954 et seq.) deals with the same thing as to cattle, jacks, jennets, etc. The authorities he cites in support of his proposition that neither the pleadings nor proof were sufficient in this instance are mainly, if not wholly, applicable to the procedure and requirements relating to prohibiting hogs, sheep, and goats from running at large, rather than those relating to cattle, which latter were, not only invoked, but, we think, properly followed by the appellee in this instance. She herein pleaded that a local stock law was in force at the time of this depredation throughout Galveston county, where her premises were situated, its effective date, and so much of the substance thereof as was pertinent to her cause of action; in proof of these averments she introduced a certified copy of the order of the county judge of Galveston county of date June 18 of 1930, declaring the result of the stock law election held in that county on June 14 of 1930, as being in favor of preventing horses, mules, jacks, jennets, and cattle from running at large in that county; also like copy of the county judge's proclamation of June 18, 1930, declaring such result of that election, and ordering the proclamation posted at the courthouse of the county, further reciting that, after 30 days from its issuance, it would be unlawful to permit the running at large in Galveston county of any animals of the classes just named, the sheriff's return thereon being appended certifying to its execution on the date given by posting the same at the courthouse door of the county.

In our opinion this met the purpose and requirements of the law prohibiting cattle from running at large in Galveston County at the time this cause of action arose, pursuant to R. S. articles 6961 and 6962 relating thereto; furthermore, by R. S. article 2000 it is, in substance, provided that a pleading founded even in part on a private or special law of the state need only recite the title thereof, the date of its approval, and the substance of so much of it as may be pertinent to the cause of action or defense. The appellee's petition did all this, hence was sufficient. R. S. articles 6961, 6962; Corn v. McNutt (Tex. Civ. App.) 230 S. W. 1052. It will be noted that article 6961, supra, which, as stated, is a part of chapter 6, title 121, Revised Statutes of 1925, providing a separate method by which the voters of a given territory may prevent the running at large of cattle therein than that prescribed in chapter 5 of the same title relating to other kinds of live stock, expressly makes the order showing the result of the election prima facie evidence that all the provisions relating to that class of stock law elections have been carried out, whereas there is no such statute under chapter 5 of title 121 relating to the method of preventing hogs, sheep, and goats from running at large. There being no such statute under chapter 5, it was necessary in cases brought under that chapter to both allege and prove the necessary steps provided therein, as the authorities cited by appellant hold.

Here, however, the situation was different, and there was no evidence to the contrary

of the facts thus made prima facie proof under article 6961 relating specifically to this class of cases; hence the trial court's findings were fully supported by the record.

█ It is true that the appellee, while she alleged that to be a fact, did not prove her premises to be inclosed by a lawful fence, but, having thus brought herself under the protection of the stock law relating to cattle running at large, no such allegation and proof was necessary. Haralson v. Suzuki (Tex. Civ. App.) 300 S. W. 190.

We find no support in the evidence that the judgment in any way rested upon proof of the average yield as to 30 acres of figs, rather than 18, as stated in the findings; while this was charged in the motion for new trial, the proof wholly failed to sustain it, and it accordingly passed out of the case.

Neither is the insistence that the judgment is against the weight of the evidence sustained; on the contrary, after careful examination of the statement of facts, the evidence seems to this court amply sufficient to sustain all of the court's findings of fact, and it is so determined. The testimony by which this result came about is greatly detailed and need not here be reiterated.

Finding no fault with the judgment, either on the facts or the law, it will be affirmed.

Affirmed.